UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 APR 12 PM 1:36
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| THOMAS O. MEGILL and | § | COMPLAINT |
| JAMIE D. MEGILL, individually and on | § | |
| behalf of THOMAS C. MEGILL, JACOB | § | 2-07CV-132 |
| D. MEGILL, and | § | |
| ASHLEY D. MEGILL, minors | § | CASE NUMBER:_____ LED |
| | § | |
| Plaintiffs | § | JURY |
| | § | |
| v. | § | |
| | § | |
| DOUGLAS E. DUNCAN, M.D., | § | |
| MARSHALL ORTHOPEDICS, and | § | |
| MPHO II | | |
| | | |
| Defendants | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

THOMAS O. MEGILL and JAMIE D. MEGILL, individually and on behalf of THOMAS C. MEGILL, JACOB D. MEGILL, and ASHLEY D. MEGILL, minors, by their undersigned attorney, complain of DOUGLAS DUNCAN, M.D., MARSHALL ORTHOPEDICS, and MPHO II, Defendants and allege as follows:

### PARTIES

1. Plaintiffs THOMAS O. MEGILL, JAMIE D. MEGILL, THOMAS C. MEGILL, JACOB D. MEGILL, and ASHLEY D. MEGILL were at all times material residents of Vivian, Caddo Parish, Louisiana.

2. Defendant DOUGLAS E. DUNCAN, M.D. was at all times material a medical doctor licensed to practice medicine in the state of Texas and held himself out as a specialist in orthopedic medicine. DOUGLAS E. DUNCAN, M.D. may be served with process at his place of business at

PLAINTIFF'S ORIGINAL COMPLAINT                                                      Page 1 of 6

304 University Avenue, Suite, 212, Marshall, Texas 75670.

3. Defendants MARSHALL ORTHOPEDICS and MPHO II are professional associations, partnerships or corporations who are under the management and control of Defendant DOUGLAS E. DUNCAN, M.D. Service is not necessary at this time.

## JURISDICTION

4. Plaintiffs are citizens of the State of Louisiana and defendant Douglas E. Duncan, M.D. is a resident in the State of Texas, and defendant, Marshall Orthopedics and MPHO II are Texas professional associations, partnerships or corporations incorporated under the laws of the State of Texas having its principal place of business in the State of Texas. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## FACTS

5. On July 13, 2004, Defendant Duncan started Plaintiff, Thomas O. Megill, on the antibiotic Zyvox. The Defendant knew or should have known that Zyvox should not be prescribed for more than twenty-eight (28) days and should have discontinued the Zyvox on August 10, 2004. The Defendant had Thomas O. McGill on Zyvox for a period of six weeks before it was discontinued. On or about September 8, 2004, Defendant Duncan again prescribed Zyvox for Plaintiff Thomas O. Megill. The Defendant continued to prescribe Zyvox for Plaintiff Thomas O. Megill continuously through and up until December 20, 2004 when it should have been discontinued on October 6, 2004.

6. As a result of prescribing Zyvox continuously for more than 28 days, Plaintiff, Thomas O. Megill developed peripheral neuropathy.

## CLAIMS AGAINST DOUGLAS E. DUNCAN, M.D.

7.  Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 5 through 6.

8.  At all times material, Defendant DOUGLAS E. DUNCAN, M.D., was a physician licensed under the laws of the State of Texas, who held himself out to the public and to THOMAS O. MEGILL as well qualified in the field of orthopedics. Defendant DOUGLAS E. DUNCAN, M.D., further held himself out to the public and to THOMAS O. MEGILL as a specialist possessing the same level of skill and expertise as any other qualified specialist who possesses knowledge, training and experience in orthopedic medicine.

9.  At all times material, Defendant DOUGLAS E. DUNCAN, M.D., had a duty to provide THOMAS O. MEGILL with the accepted minimum standards of care for a specialist in the field of orthopedic medicine under all relevant circumstances.

10.  At the time that Defendant DOUGLAS E. DUNCAN, M.D. treated THOMAS O. MEGILL he was negligent in prescribing Zyvox for more than 28 days which resulted in Plaintiff THOMAS O. MEGILL's development of peripheral neuropathy.

11.  In the course of providing medical care to THOMAS O. MEGILL, Defendant DUNCAN, M.D. was negligent and any or all of the following acts and/or omissions fell below the accepted minimum standards of care for the proper evaluation, care, and treatment of THOMAS O. MEGILL in one or more of the following respects:

A.  prescribing Zyvox for more than 28 days; and

B.  ignoring the FDA required "black warning" of the risk of neuropathy with Zyvox prescribed beyond 28 days.

### CLAIMS AGAINST MARSHALL ORTHOPEDICS AND MPHO II

12. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 5 through 10.

13. At all times material Defendant DOUGLAS E. DUNCAN, M.D. was an employee, partner, owner or shareholder of Defendants MARSHALL ORTHOPEDICS and MPHO II.

14. At all times material DOUGLAS E. DUNCAN, M.D. was acting in the course and scope of his employment, partnership, ownership or business relationship with Defendants MARSHALL ORTHOPEDICS and MPHO II. As a result, Defendants MARSHALL ORTHOPEDICS and MPHO II are liable to the Plaintiffs for the damages arising from the negligence of Defendant DOUGLAS E. DUNCAN, M.D.

### DAMAGES

15. As a direct and proximate result of the negligence of the Defendants, Plaintiff THOMAS O. MEGILL, has suffered and sustained the following injuries and damages:

   a. Physical pain and mental anguish in the past.

   b. Physical pain and mental anguish in the future.

   c. Loss of earning capacity in the past.

   d. Loss of earning capacity in the future.

   e. Disfigurement in the past.

   f. Disfigurement in the future.

   g. Physical impairment in the past.

   h. Physical impairment in the future.

   i. Medical care expenses in the past.

   j. Medical care expenses in the future.

16. At all times material Plaintiff JAMIE MEGILL was the wife of Plaintiff THOMAS O. MEGILL. As a result of the negligence of the Defendants and the resulting injury to her husband, Plaintiff THOMAS O. MEGILL, Plaintiff JAMIE MEGILL has suffered and sustained the following damages:

    a. Loss of household services in the past.

    b. Loss of household services in the future.

    c. Loss of consortium in the past.

    d. Loss of consortium in the future.

17. The physical injury to Thomas O. Megill is a serious, permanent, and disabling injury. As a result, his children, Thomas C. Megill, Jacob D. Megill, and Ashley D. Megill, minors, have suffered past and future losses of parental consortium.

As a result of all of the above and foregoing the Plaintiffs demand judgment against defendants in the sum of two million dollars and costs.

### DEMAND FOR JURY

18. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that the Defendants be cited to appear and answer, and that on final trial they have judgment against the Defendants for damages in an amount of two million dollars, pre-judgment and post-judgment interest as provided by law, costs of suit and such other and further relief to which Plaintiffs are justly entitled.

Dated: April 12, 2007

                                                Respectfully submitted,

**LAW OFFICE OF BILL LIEBBE, P.C.**
223 South Bonner Avenue
Tyler, Texas 75702
Tel: (903) 595-1240
Fax: (903) 595-1325
EMAIL: bliebbe@lobl.com

By: _____
**Bill Liebbe**
Texas Bar No. 12331300

**ATTORNEY FOR PLAINTIFFS**